WELLINGTON KENWELL, Appellant, *v.* CLARENCE F. LEE, as Supervisor of the Town of Inlet, et al., Respondents.

(Argued April 24, 1935; decided May 21, 1935.)

*David E. Snyder* and *Charles E. Snyder* for appellant.

*James C. Tormey* and *Alton C. O'Hara* for Charles A. O'Hara et al., respondents.

*Frederick Kronmiller* for Frank E. Breen, respondent.

*Per Curiam.* The judgment of the Appellate Division striking from the judgment entered on the remittitur paragraph numbered eighth is reversed and that paragraph is reinstated. It was pointed out in *Kenwell* v. *Lee* (261 N. Y. 113, 116) that there was a fundamental difficulty with the *entire* proceeding in that a water district was not a municipality within the meaning of section 7 of article VII of the Constitution. Every step taken for the establishment of the Inlet Water District from and including the original petition and map, contemplated the use of Bug lake as a reservoir. Since Bug lake and the incidental lands were owned by the State and were a part of the Forest Preserve, they could not be used for the proposed purpose. The entire proceeding was, therefore, abortive and of no avail.

Paragraphs fifth, sixth and ninth were properly enough disposed of. In the sense that some or all of the money expended and indebtedness incurred, if any, has proved of no immediate benefit, there may be said to have been waste. But what was done was done in good faith and neither the plaintiff nor any other taxpayer made objection until the time arrived for authorizing the bond issue. If claims for any of the matters referred to in those paragraphs are filed for audit, the plaintiff, if he so elects, will have opportunity to litigate. There seems to be no good reason for prolonging the present action.

The disposition made of paragraphs tenth, eleventh, twelfth and thirteenth, together with the new paragraph relating to costs added by the Appellate Division, may stand, but only upon the following interpretation: That the defendant officials be answerable individually in the first instance for the judgment, with the right to each of them to reimbursement from the town under the provisions of (old) Town Law, section 170, subdivision 7 (Cons. Laws, ch. 62). If they defended under authority of law or resolution, what they may pay is a town charge; if they acted otherwise, they acted in fact as individuals,

though purporting to act as officials. (Cf. *Flynn* v. *Hurd*, 118 N. Y. 19.) The plaintiff has a valid judgment for costs to the payment of which he is entitled. The burden should not be upon him to determine a possible controversy between the defendants and the town as to the scope of authority.

The judgments should be modified in accordance with this opinion and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.