612

In the Matter of the Application of ALTON C. O'HARA and Another, Petitioners, for a Certiorari Order against K. LEONARD HARWOOD, as Supervisor, and WILLIAM H. PAYNE and Others, as Justices of the Peace, and EMMETT ROBERTS, as Town Clerk, Constituting the Town Board and Board of Audit of the Town of Inlet, Hamilton County, New York, Defendants.

Third Department, July 2, 1937.

*Quinn, Higgins & Tormey* [*James C. Tormey* of counsel], for the petitioners.

*Frederick C. Kronmiller*, for the defendants.

CRAPSER, J. The petitioners are attorneys at law. The defendants are the supervisor, the justices of the peace of the town, and the town clerk, constituting the town board and the board of audit of the town of Inlet, Hamilton county, N. Y.

In 1931 a group of individuals in the town of Inlet, Hamilton county, N. Y., had prepared and presented to the town board, pursuant to section 282 of the (old ) Town Law, a petition for the formation of a water district to comprise the entire town of Inlet and to take water from Bug lake, a body of water in the Adirondack Park owned by the People of the State of New York.

After the approval of the water district and the adoption of a resolution for the issuance of bonds to carry into effect the construction of the said proposed water district, certain taxpayers objecting, the supervisor of the said town refused to sign the bonds, and the town board on August 5, 1931, authorized a mandamus action to be brought by Alton C. O'Hara as attorney in the name of the town of Inlet against the supervisor to compel him to sign the bonds.

An action was brought by Wellington Kenwell to determine that the formation of the said water district was illegal and void and to restrain the town officials from paying out any town funds therefor. The matter was finally decided by the Court of Appeals in *Kenwell* v. *Lee* (261 N. Y. 113) where the judgments upholding the formation of the water district were reversed and judgment was granted to the plaintiff. The matter again came before the court in *Kenwell* v. *Lee* (241 App. Div. 896), where the Appellate Division modified the judgment which had been entered as the result of the decision by the Court of Appeals by striking therefrom paragraphs, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth and thirteenth and by adding thereto a new paragraph as follows: " That plaintiff recover costs from Charles A. O'Hara, Frank E. Breen, Herman J. Williston and Floyd A. Puffer as Justices of the Peace of the Town of Inlet, Hamilton County, N. Y.; and

Harry H. Hall as Town Clerk of the Town of Inlet, Hamilton County, N. Y., and Philo Wood acting as Water Commissioner of the Inlet Water District."

The Court of Appeals (267 N. Y. 481) reversed and modified the Appellate Division, and reinstated paragraph eighth which provided, " That any and all acts and proceedings had and taken for the creation of said Inlet water district, are hereby Adjudged, Decreed and Determined, to be illegal, null and void."

The court said: " Paragraphs fifth, sixth and ninth were properly enough disposed of. In the sense that some or all of the money expended and indebtedness incurred, if any, has proved of no immediate benefit, there may be said to have been waste. But what was done was done in good faith and neither the plaintiff nor any other taxpayer made objection until the time arrived for authorizing the bond issue."

The court further said: "The disposition made of paragraphs tenth, eleventh, twelfth and thirteenth, together with the new paragraph relating to costs added by the Appellate Division, may stand, but only upon the following interpretation: That the defendant officials be answerable individually in the first instance for the judgment, with the right to each of them to reimbursement from the town under the provisions of (old) Town Law, section 170, subdivision 7 (Cons. Laws, ch. 62). If they defended under authority of law or resolution, what they may pay is a town charge; if they acted otherwise, they acted in fact as individuals, though purporting to act as officials.

On August 14, 1931, the town board passed a resolution to retain the firm of Cross & Cross, of Utica, as counsel in conjunction with Alton C. O'Hara to defend the taxpayers' action against the members of the town board.

On June 4, 1932, the board voted to pay James C. Tormey a bill for disbursements to June 1, 1932.

On July 11, 1933, the town board passed a resolution to employ Alton C. O'Hara and James Tormey as lawyers to look after the interests of the town concerning the water works case and the resolution recited that Alton C. O'Hara and James C. Tormey had defended the action brought by Kenwell against the town officials and authorized the employment of Alton C. O'Hara and James C. Tormey on behalf of the town of Inlet, and ratified the actions of O'Hara and Tormey on behalf of the town in the preparation and trial of said action and subsequent appeals in connection therewith and the said attorneys were authorized to take such further proceedings in connection with said action as might be necessary until such action is finally terminated.

Said attorneys were by a resolution of the board passed on October 10, 1933, authorized to serve notice of cross-appeals on the judgment in the Inlet water case and to proceed therewith in connection with the appeal being made by Kenwell.

On January 27, 1934, Attorney A. C. O'Hara appeared before the town board and gave the history of the case of Kenwell against the town officials and said that he and Tormey would have to have their disbursements and expenses and a guaranty of the expenses on appeal or they could not carry on the work further. The board, after discussion, passed a resolution to have O'Hara and Tormey continue and to pay them a certain sum in payment of disbursements and expenses incurred and authorized and instructed them to defend for the town of Inlet the appeals pending in the Appellate Division, Third Department, and the town supervisor to pay said attorneys, after a proper audit of the disbursements, the expenses to be incurred.

The petitioners represented the town of Inlet in said litigation, including various appeals, until November 20, 1935, when directed by a resolution of the town board of the town of Inlet to take no further action.

The petitioners from time to time filed with the town clerk of the town of Inlet their verified itemized statements of services rendered in said litigation pursuant to their retainer by the town of Inlet. The petitioners were paid from time to time by the town of Inlet various items of disbursements and the sum of $2,500 on account of services rendered.

On June 13, 1936, the town board of the town of Inlet audited and disallowed the balance of $6,867.47 claimed to be due on petitioners' said claims for legal services and disbursements rendered to said town of Inlet.

After the establishment of the water district the town was required to issue its bonds, signed by the supervisor and attested by the town clerk, to furnish funds for the construction of the water works. The supervisor refused to sign the bonds and the town board authorized a mandamus action to compel him to do so; immediately a taxpayer's action was commenced. The town board was authorized under the provisions of the Town Law to employ counsel to prosecute and defend such actions and such charges. (Old Town Law, § 170, subd. 7.)

The town board was acting in good faith and no complaint was made by any taxpayer until the time arrived for the authorizing of the bond issue. The defendants, the town board, defended under authority of law the resolution, and the charges of their attorneys are properly a town charge to be audited and paid as other town charges.

The order and resolution of the town board of the town of Inlet dated June 13, 1936, auditing and disallowing petitioners' claims herein should be reversed and an order should be granted directing the said town board to audit and allow the petitioners payment for their services at their fair and reasonable value.

HILL, P. J., MCNAMEE, BLISS and HEFFERNAN, JJ., concur.

Determination of the town board of the town of Inlet, Hamilton county, dated June 13, 1936, auditing and disallowing petitioners' claim herein, annulled, on the law and facts. Said town board of the town of Inlet, Hamilton county, is directed to audit and allow petitioners' claims for their services and disbursements at their fair and reasonable value, with fifty dollars costs and disbursements.