HAROLD SMITH, Appellant, v. MARY SMITH, Respondent.— Motion for reargument and for a stay denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *ante,* pp. 858–1017.]

■

LLOYD R. LE FEVER, Respondent, v. TOWN OF MARBLETOWN, Appellant.— Appeal by defendant from an order of the Special Term of Ulster County Court, denying its motion for the dismissal of the complaint. Plaintiff, an attorney and counselor at law, brought this action against defendant to recover for professional services rendered to the town and necessary incidental expenses, for which he had filed a verified claim within the period of eighteen months prior to the institution of the action. Before answering, defendant moved to dismiss the complaint on the grounds that (1) the County Court was without jurisdiction inasmuch as plaintiff's remedy is a proceeding under article 78 of the Civil Practice Act, (2) the alleged cause of action did not accrue within the time limitation of four months, and (3) complaint fails to state facts sufficient to constitute a cause of action. On this appeal defendant limits itself to the jurisdictional question, that is, that plaintiff should have proceeded under article 78 of the Civil Practice Act to compel an audit of his claim and that his time to so proceed was limited to four months from the time of the refusal or failure on the part of the municipal officers to audit the claim. The complaint alleges the performance of legal services and the incurring of certain necessary incidental expenses at the special instance and request of defendant town. Demand of payment and the presentation of a verified claim are also alleged. Thus the claim presented and upon which suit was brought was in contract and was not, as defendant contends, quasi contractual in character. Under section 65 of the Town Law a town may be sued at law for the breach of a contract entered into by it. Order unanimously affirmed, with $10 costs to plaintiff. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.