RICHARD C. CAHN, Respondent, v. TOWN OF HUNTINGTON, Appellant.

No opinion. Rabin, P. J., Munder, Martuscello and Latham, JJ., concur; Hopkins, J., dissents and votes to reverse the order and the judgment and to dismiss the complaint, with the following memorandum: Plaintiff, an attorney, sues for legal services rendered to the Planning Board of the Town of Huntington. He represented the Planning Board in a special proceeding brought against it by the Town Board. The question is whether the town is responsible for the cost of the services. Special

Term granted summary judgment in favor of plaintiff. I would reverse and grant judgment in favor of defendant. By statute, a town officer may not employ legal counsel except as directed by the Town Board (Town Law, § 65, subd. 1). This prohibition has direct application to an action instituted by a town officer against a third party or to an action instituted against the town or its officers by a third party (cf. *Le Fever* v. *Town of Marbletown,* 284 App. Div. 1085; *Matter of O'Hara* v. *Harwood,* 251 App. Div. 612; *Matter of Clark* v. *Smith,* 250 App. Div. 233, 236, affd. 276 N. Y. 473). The statute has the two-fold purpose of protecting the town from liability for unnecessary legal services and preventing confusion and contradiction in the direction of the litigation (cf. *Matter of Kay* v. *Board of Higher Educ. of City of N. Y.,* 260 App. Div. 9, mot. for lv. to app. den. 285 N. Y. 859; *People ex rel. Sherrill* v. *Guggenheimer,* 47 App. Div. 9; *Matter of Collins* v. *Village of Saratoga Springs,* 70 Hun 583, affd. 140 N. Y. 637; *Adee* v. *Arnow,* 91 Hun 329). But what of litigation between two town officers or bodies concerning the proper performance of their duties? The Town Attorney obviously cannot represent both sides. In this case he represented the Town Board which sued the Planning Board to resolve a dispute over which body had the authority to name the Chairman of the Planning Board. That dispute ultimately was decided by the Supreme Court, Suffolk County, in favor of the Town Board. Plaintiff's services were rendered on behalf of the Planning Board in that litigation. If this were the only subject of controversy in the litigation, I would have no hesitancy in holding that plaintiff could not recover from the town, but should look to the members of the Planning Board personally for payment of his services. I do not believe that a town should be saddled with the legal expense of a recalcitrant town officer or body in resisting the just demands of the officer or body having the authority which is being opposed. Cases cited by plaintiff to support his position that a divergence of view between town officers is enough to justify the retention of counsel whose fees are payable by the town do not reach the issue here (*Matter of Fleischmann* v. *Graves,* 235 N. Y. 84; *Judson* v. *City of Niagara Falls,* 140 App. Div. 62, affd. 204 N. Y. 630). In both *Fleischmann* and *Judson* the municipal body which hired the attorney was given statutory power to do so, so that their decisions do not constitute precedent here. In *Matter of Hiscox* v. *Holmes* (239 App. Div. 602), where a recovery by an attorney was sustained, it appeared that he represented a town officer who was forced to sue the Town Board which had illegally curtailed his authority (*Matter of Hiscox* v. *Holmes,* 237 App. Div. 240). At bar the services were rendered against the Town Board striving to vindicate its authority. There is more to the question, however, than the representation by plaintiff to contest the lawful exercise of authority by the Town Board. Plaintiff interposed a counterclaim on behalf of the Planning Board in the litigation, in which it was alleged that the Town Board had usurped the management and supervision of the planning staff by transferring the budgetary appropriation for the Planning Board to the control of the Town Board. The Supreme Court, Suffolk County, ruled in favor of the Planning Board on the counterclaim. The services rendered by plaintiff in this respect brought about a salutary result. Nonetheless, his complaint does not separate the services rendered in resisting the Town Board's proceeding from the services rendered on behalf of the counterclaim. Indeed, his recovery in this action is based on all of his services in the litigation. Perhaps the complaint is framed in this fashion because a separation of the services is not possible. But I think that in these circumstances — where the good cannot be severed from the bad — no recovery can be permitted. The general rule is followed in New York that individuals dealing with a municipality cannot

recover for their services, even though the benefits derived from the services are retained (6 Williston, Contracts [rev. ed.], § 1786A). "We have repeatedly refused, in such cases, to allow the sellers to recover payment either for the price agreed upon or in quasi-contract. One of our salient purposes in adopting this rule has been to deter violation of statutes governing the spending of public moneys for goods and services" (*Gerzof* v. *Sweeney*, 22 N Y 2d 297, 304). This rule has been enforced in many cases in which payment has been sought for legal services rendered, beginning with *Lyddy* v. *Long Is. City* (104 N. Y. 218) in 1887 and up to the present day (cf. *Seif* v. *City of Long Beach*, 286 N. Y. 382; *Konnoson* v. *City of New York*, 254 App. Div. 378, affd. 281 N. Y. 716; *Kelly* v. *Cohoes Housing Auth.*, 27 A D 2d 463, affd. 23 N Y 2d 692). "Where the Legislature provides that valid contracts may be made only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the city" (*Lutzken* v. *City of Rochester*, 7 A D 2d 498, 501). It may be thought inequitable that the attorney should go unrewarded from the town's coffers, but equity lies on the side of the town as well. An attorney, better than others contracting with a town body, has notice of the defects of power which may underlie his employment. Too, in this case the action was first initiated by the Town Board against the Planning Board before plaintiff's retainer was made; and he therefore had direct knowledge that the issue presented was a confrontation of power between the two town agencies. Under these circumstances, the counterclaim which he successfully maintained was secondary to the main issue ultimately decided against his clients.