Bernard S. Meyer, J.
The plaintiff, a former patrolman with the Nassau County Police Department was suspended from duty on February 20, 1968, for alleged cause and, following departmental trial, was dismissed on January 6, 1969. He brings this action to .recover salary and fringe benefits accruing during the period of suspension. The county interposes a preliminary objection that no notice of claim was ever presented by the plaintiff, a fact concerning which there is no dispute. The plaintiff counters that no notice of claim is necessary to support his cause of action.
The defendant argues that the applicable statutes, section 52 of the County Law, and section 11-4.1 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd. by L. 1942, ch. 598) require the filing of a notice of claim as a condition precedent to the maintenance of this action. Section 52 of the County Law is entitled ‘ ‘ Presentation of claims for torts; commencement of actions ’ ’ and requires making and service of notice of claim 1 ‘ in compliance with section fifty-e of the general *275 municipal law ” in actions for damages, injury or death or invasion of rights caused by “ misfeasance, omission of duty, negligence or wrongful act ”. Sections 50-a through 50-i of the General Municipal Law are sections relating to negligence, malpractice and other tort-based litigation. Section 11-4.1 of the Nassau County Administrative Code is no broader. It relates to the “ Presentation of certain claims ”, and those are claims for basic torts arising out of “ misfeasance, negligence, omission of duty, wrongful act, fault or neglect ” on the part of the county.
Nowhere in any of the sections relied upon by the county do the words 11 contract ”, “ breach of contract ”, “ claim for salary” or similar words appear. Yet the Legislature has been awhre of the fact that actions against municipalities may arise out of claims sounding in contract or arising from employment, as evidenced by its express references thereto in other statutes. Thus, the Court of Claims Act relating to suits against the State refers to filing “A claim for breach of contract, express or implied and any other claim not otherwise provided for by this section” (§ 10, subd. 4). The Administrative Code of the City of New York requires a claim to be filed as a condition precedent to ‘ ‘ every action or special proceeding prosecuted or maintained against the city ” (Administrative Code, § 394a-1.0), without limitation, and so applies to actions for breach of contract (see McGovern v. City of New York, 160 Misc. 714, affd. 247 App. Div. 775, affd. 272 N. Y. 455). The Education Law also interdicts an action or proceeding, for any cause whatsoever, without a prior presentation of a claim (§ 3813, subd. 1), and hence applies to a salary claim (see Todd v. Board of Educ. of City of Syracuse, 272 App. Div. 618, affd. 297 N. Y. 873). Section 65 of the Town Law makes special reference to the need for a presentation of claim in an action ‘1 upon or arising out of a contract,” (cf. Le Fever v. Town of Marbletown, 284 App. Div. 1085 [legal services]). Section 341-b of the Village Law also mandates a notice of claim as a condition precedent to an action on a contract, which includes an action to recover unpaid salary (Caruso v. Incorporated Vil. of Sloatsburg, 35 A D 2d 988).
The inference to be drawn from these statutes is that where the Legislature intended to make the filing of a claim a condition precedent to a contract action it has expressly so provided, and that in the absence of such provision an action is maintainable without prior presentation of a claim. Thus, in Sullivan v. Whitney (25 N. Y. S. 2d 762), section 244 of the Second *276 Class Cities Law, which includes no reference to contracts or salary claims was held not be a bar to an action such as this for salary accruing during an improper suspension, notwithstanding the absence of a precedent claim, and in Gahagan Dredging Corp. v. County of Nassau (Index No. 1105/70) Mr. Justice Derottnian held the statutes now urged by the county to he no bar to a contract action against the county. Plaintiffs failure to file such a claim is no bar, therefore, to his maintenance of this action.
There remains for decision the question of the amount of plaintiff’s damages. Unless the parties are able to stipulate as to the figures, additional testimony must be taken to complete the record. The matter is, therefore, set down at Trial Term, Part IV for Monday, May 22, 1972, at 9:30 a.m. for trial of that issue, unless a stipulation upon which judgment can he based is sooner filed. Pending that hearing, entry of judgment will be held in abeyance.