■ FREDERICK BITTNER, JR., Appellant, v TOWN OF UNION VALE, Respondent.—In an action to recover for legal services rendered, plaintiff appeals from an order of the Supreme Court, Dutchess County, dated April 30, 1979, which denied his motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, plaintiff is granted summary judgment on the issue of defendant's liability and the action is remitted to Special Term for an assessment of damages, if any. Plaintiff seeks attorney's fees for his successful representation of defendant against a zoning challenge. Plaintiff claims that he is entitled to summary judgment because defendant had previously admitted that he had represented it in the action and, thus, no triable issue of fact or meritorious defense to the cause of action exists. Defendant admitted that plaintiff had been its attorney but questioned the reasonableness of his fee. A third party, Motorola, Inc., had benefited from the successful conclusion of the underlying action and had paid a substantial part of plaintiff's fee. The trial court denied the motion for summary judgment and held that Motorola's obligation to pay plaintiff's entire fee

was a triable issue of fact. The potential liability of a third party is not a procedural bar to the granting of summary judgment *(Koreska v United Cargo Corp.,* 23 AD2d 37). This is particularly so when neither party has asserted the liability of the third party. Since defendant admits that plaintiff had represented it and challenges only the reasonableness of his fee, summary judgment on the issue of liability is appropriate and the matter is remitted for an assessment of damages, if any (see *Cahn v Town of Huntington,* 36 AD2d 737, affd 29 NY2d 451). Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.