■ MARILYN R. SIPRESS, Respondent, v RONALD SIPRESS, Appellant.—Order of the Supreme Court, Nassau County, entered March 18, 1985, affirmed with costs, for reasons stated by Justice Levitt at Special Term. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.

■ ROBERT E. SKILLEN, Respondent, v JOAN L. SKILLEN, Appellant.—Order of the Supreme Court, Dutchess County, entered March 29, 1985, affirmed, without costs or disbursements, for reasons stated by Justice Rosenblatt at Special Term. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.

■ SHIRLEY SMITH, Respondent, v RISE EAST SCHOOL et al., Appellants.—In an action, *inter alia,* to recover damages for breach of a contract of employment, the defendants appeal from so much of an order of the Supreme Court, Rockland County (Walsh, J.), dated November 20, 1984, as denied so much of their motion for summary judgment as was to dismiss the first and third causes of action asserted in the complaint.

Order affirmed insofar as appealed from, with costs.

County Law § 52, which incorporates the provisions of the General Municipal Law §§ 50-e and 50-i does not apply to actions to recover damages for breach of contract *(see, e.g., Fraccola v City of Utica,* 77 AD2d 161; *Meed v Nassau County Police Dept.,* 70 Misc 2d 274). Since the plaintiff's surviving causes of action sound in contract, Special Term properly refused to dismiss those causes of action for the plaintiff's failure to serve a notice of claim. *Mills v County of Monroe* (59 NY2d 307, *cert denied* 464 US 1018), upon which the defendants rely in urging dismissal of the complaint, does not require a contrary result. The *Mills* decision only addressed the applicability of the notice of claim requirement to an employment discrimination action brought pursuant to State or Federal civil rights statutes. We do not believe the Court of Appeals in *Mills v County of Monroe (supra)* intended to construe County Law § 52 as requiring the serving of a notice of claim in actions to recover damages for breach of contract. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.