■ LAW FIRM OF IRA H. LEIBOWITZ, LASKY & PETERSON, Appellant, v JERRY SIKOWITZ et al., Respondents.—In an action to recover for legal services rendered, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated April 7, 1986, as denied its motion for partial summary judgment on its third cause of action upon the theory of an account stated.

Ordered that the order is affirmed insofar as appealed from, with costs.

This is an action by a law firm to recover legal fees in the amount of $27,986.72 in connection with its representation of

the defendants. The complaint alleged a cause of action to recover damages for breach of contract, one sounding in quantum meruit, and, alternatively, a third cause of action based solely upon the theory of an account stated. The first and second causes of action are not involved on this appeal. The plaintiff moved for partial summary judgment on the third cause of action alleging an account stated. The trial court denied the motion, finding a triable issue of fact as to whether either an express or implied admission as to the correctness of the account was demonstrated by the defendants' conduct. This appeal ensued.

Upon our review of the papers and exhibits submitted in conjunction with the motion before the trial court, we conclude that the motion for partial summary judgment was properly denied. The movant seeking summary judgment has the initial burden of coming forward with evidentiary proof in admissible form to establish his cause of action or defense sufficiently to warrant entry of judgment in his favor as a matter of law (CPLR 3212 [b]; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 967). Only after the moving party has satisfied this obligation is the burden shifted to the opposing party to demonstrate by admissible evidence the existence of triable issues of fact requiring a trial *(GTF Mktg. v Colonial Aluminum Sales, supra,* at 968; *Zuckerman v City of New York,* 49 NY2d 557, 560).

Here, the plaintiff has failed to satisfy its burden to establish that it was entitled as a matter of law to judgment upon an account stated. In support of its motion, the plaintiff submitted copies of the pleadings. Annexed thereto were copies of periodic statements for legal services rendered to the defendants. Review of these documents reveals discrepancies between the prayer for relief and the statements of services which discrepancies cannot be reconciled on a motion for partial summary judgment.

In view of our determination, we do not reach the question of whether the defendants' opposing papers were sufficient to rebut any inference of an implied agreement to pay the stated amount *(cf., Sandvoss v Dunkelberger,* 112 AD2d 278). Moreover, entry of partial summary judgment on the issue of liability only would not be appropriate on the cause of action based on a theory of an account stated *(cf., Dreyer & Traub v Handman,* 121 AD2d 256; *Bittner v Town of Union Vale,* 72 AD2d 574). Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.