■ SHAND MORAHAN & COMPANY, INC., Appellant, v JOHN C. RICE et al., Individually and as Copartners Practicing Under the Name of RICE & CONWAY, et al., Respondents.— Kane, J. P. Appeal from an order of the Supreme Court (McDermott, J.), entered July 24, 1989 in Albany County, which denied plaintiff's motion for summary judgment.

Plaintiff issued a professional liability insurance policy to defendant Rice & Conway, an Albany law partnership, which contained a $10,000 deductible clause applicable to both payments for loss and claims expenses, including counsel fees. In July 1982, defendants were served with a third-party summons and complaint alleging professional malpractice, following which plaintiff in this action secured the services of a New York City law firm, Wilson, Elser, Moskowitz, Edelman and Dicker (hereinafter Wilson, Elser), to defend the claim. Plaintiff notified defendants that Wilson, Elser was retained to defend the third-party action and that the first $10,000 in legal fees would be billed by Wilson, Elser directly to defendants pursuant to the deductible provisions of the insurance contract. Wilson, Elser eventually obtained a dismissal of the claim against defendants in 1986 and submitted a bill for legal services in excess of $22,000. Defendants subsequently found the $22,000 in legal fees billed out by Wilson, Elser questionable and did not pay the initial $10,000, prompting this lawsuit. Plaintiff eventually moved for summary judgment, which motion was denied by Supreme Court on the ground that the reasonableness of Wilson, Elser's legal fees was an issue requiring a trial. This appeal ensued.

Plaintiff has established the existence of a valid insurance contract to provide defendants with a defense against claims, subject to a $10,000 deductible. It is not disputed that legal services were provided on defendants' behalf by plaintiff, thus creating defendants' liability for those services within the amount deductible. We therefore find no issues of fact exist regarding defendants' liability under the contract for payment of deductible amounts attributable to the reasonable counsel

fees associated with defendants' defense *(see, Dreyer & Traub v Handman,* 121 AD2d 256; *Bittner v Town of Union Vale,* 72 AD2d 574).

Although plaintiff had the right to control the litigation *(see,* 70 NY Jur 2d, Insurance, § 1657, at 698-699), what constitutes reasonable fees is dependent upon plaintiff's duty to defend in good faith *(see,* 70 NY Jur 2d, Insurance, § 1683, at 754). Had plaintiff wrongfully refused to defend the claim against defendants, defendants would be entitled to those expenses "necessarily and reasonably incurred" to supply their own defense *(Matter of Empire State Sur. Co.,* 214 NY 553, 570). Conversely, plaintiff, having undertaken a defense in this matter, is entitled to reimbursement, up to $10,000, for those counsel fees that are attributable to a reasonable defense. The assessment of those factors to be weighed in determining the value of reasonable counsel fees is, in this instance, a factual issue to be resolved at trial.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment on the issue of liability; grant that part of the motion and award summary judgment on the issue of liability to plaintiff, and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.