■ SHAMBERG MARWELL CHERNEFF & HOCHERMAN, P. C.,

Appellant, v WILLIAM LAUFER et al., Respondents. [597 NYS2d 471] —In an action to recover damages based on breach of contract, quantum meruit and account stated, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 13, 1991, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

In a motion for summary judgment the movant "bears the initial burden of making a prima facie showing of its entitlement to judgment as a matter of law" *(Holtz v Niagara Mohawk Power Corp.,* 147 AD2d 857, 858). The opposing party then must present some admissible proof that would require a trial of material questions of fact *(see, Ferber v Sterndent Corp.,* 51 NY2d 782, 783). We find that the plaintiff has not met its initial burden because there are numerous questions of fact, *inter alia,* as to the genuineness and the import of a facsimile letter which was allegedly sent to the plaintiff by one of the defendants. Moreover, the defendants have presented admissible proof that requires a trial of material issues of fact. Specifically, the defendants have presented several copies of letters questioning the correctness of the plaintiff's legal fees and objecting to the amounts charged *(see, Sandvoss v Dunkelberger,* 112 AD2d 278, 279). Finally, we find that the Supreme Court properly denied partial summary judgment to the plaintiff on the issue of liability because there was sufficient evidence in the record to raise factual issues as to liability *(see, Law Firm of Ira H. Leibowitz, Lasky & Peterson v Sikowitz,* 129 AD2d 774, 775; *cf., Bittner v Town of Union Vale,* 72 AD2d 574, 575; *Dreyer & Traub v Handman,* 121 AD2d 256).

We find no merit to plaintiff's remaining contentions and, in light of our determination, we need not reach the defendants' remaining contentions. Sullivan, J. P., Lawrence, Copertino and Santucci, JJ., concur.