■ EMPBANQUE CAPITAL CORP., Respondent, v WENDELL GRIFFITH, Appellant, et al., Defendant. [603 NYS2d 522] —In an action to foreclose a mortgage, the defendant Wendell Griffith appeals from an order of the Supreme Court, Kings County (Garry, J.), dated July 16, 1991, which, *inter alia,* granted the plaintiff's motion for summary judgment, and appointed a Referee to ascertain and compute the amount due to the plaintiff.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and a judgment of the same court entered April 16, 1992, is vacated.

On November 18, 1987, the appellant and his wife refinanced their mortgage with the plaintiff with another lender. Accordingly, they tendered payment of $41,500 to the plaintiff, believing this amount was sufficient to pay off the plaintiff's

mortgage. The plaintiff subsequently commenced this action and moved for summary judgment, asserting that they owed an additional $574.47, plus additional charges.

In a motion for summary judgment, it is the movant who bears the initial burden of making a prima facie showing of its entitlement to judgment as a matter of law. Absent such a showing, the motion is to be denied regardless of the insufficiency of the opposing papers (see, Shamberg Marwell Cherneff & Hocherman v Laufer, 193 AD2d 664; Holtz v Niagara Mohawk Power Corp., 147 AD2d 857; Augeri v Massoff, 134 AD2d 307). The opposing party then must present some admissible proof that would require a trial of material questions of fact (see, Ferber v Sterndent Corp., 51 NY2d 782, 783; Shamberg Marwell Cherneff & Hocherman v Laufer, supra).

We find that the plaintiff has not met its initial burden, because its mere conclusory statements that $42,074.47 was the amount necessary to pay off its mortgage were insufficient to demonstrate its entitlement to judgment as a matter of law. Moreover, the appellant presented admissible proof to establish that a genuine issue of fact exists as to the amount which was necessary to satisfy the plaintiff's mortgage. Specifically, the record contains a payoff letter from the plaintiff which merely recites the original amount of the mortgage and is silent as to the amount that was necessary to satisfy the mortgage at the time the appellant tendered $41,500 to the plaintiff. The appellant has sworn that after several negotiations, including some at the closing with the new lender, the plaintiff informed him that the correct payoff amount was $41,500. Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.