■ GALE McCUE, Respondent, v FRANK BATTAGLIA, Appellant, et al., Defendant. [621 NYS2d 104] —In an action to recover damages, *inter alia,* for breach of contract, the defendant Frank Battaglia appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered November 29, 1993, which, *inter alia,* granted the plaintiff's motion to strike his answer, directed the entry of a default judgment, and imposed sanctions against his counsel.

■ GALE McCUE, Respondent, v FRANK BATTAGLIA, Appellant, et al., Defendant. [621 NYS2d 103] —In an action to recover damages, *inter alia,* for breach of contract, the defendant Frank Battaglia appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered July 12, 1993, which, *inter alia,* denied his motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion to compel compliance with her discovery demands.

Ordered that the order is affirmed, with costs.

On a motion for summary judgment, the movant bears the initial burden of making a prima facie showing of his or her entitlement to judgment as a matter of law *(see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Alter v Advance Alarm Co.,* 131 AD2d 406; *Colonresto v Good Samaritan Hosp.,* 128 AD2d 825).* Absent such a showing, the motion is to be denied regardless of the insufficiency of the opposing papers *(see, Empbanque Capital Corp. v Griffith,* 198 AD2d 259; *Shamberg Marwell Cherneff & Hocherman v Laufer,* 193 AD2d 664; *Law Firm of Ira H. Leibowitz, Lasky & Peterson v Sikowitz,* 129 AD2d 774).* The unsubstantiated assertions and general conclusions set forth in the appellant's moving papers denying the allegations found in the complaint are insufficient to show entitlement to judgment as a matter of law.

CPLR article 31 authorized the service of each of the plaintiff's disclosure demands at issue on this appeal, and the appellant has failed to articulate any legal basis to preclude discovery. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the appellant's motion for a protective order and in granting the plaintiff's cross motion to compel discovery.

The appellant's remaining contentions are without merit. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.