ETHAN JACOBSON, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [643 NYS2d 676]

Under these circumstances, where the attorney for the plaintiff failed to offer a reasonable excuse for his failure to appear at the scheduled depositions of Dr. Monoar Mullick and Nurse Pleva, we conclude that it was not an improvident exercise of discretion for the Supreme Court to deny those branches of the plaintiff's motion which were to direct their appearances at subsequent depositions *(see, McCue v Battaglia,* 211 AD2d 625). However, insofar as the plaintiff's attorney apparently advised the defendants' attorney prior to the date of the deposition of Dr. Linda Wyse that it would be inconvenient for him to appear there, it was an improvident exercise of the court's discretion to deny that branch of the plaintiff's motion which sought to direct her appearance at a subsequent deposition *(see, McCue v Battaglia, supra).* Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.