■ Paul Desriusseaux, Respondent, v Val-Roc Truck Corp. et al., Respondents, and Bisceglia & Oppenheim, P. C.,

Appellant. [646 NYS2d 161] —In an action to recover damages for personal injuries, the nonparty, Bisceglia & Oppenheim, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated August 1, 1995, as granted the branch of the plaintiff's motion which was to substitute Bisceglia & Oppenheim for Nathaniel M. Swergold as counsel for the defendants.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the motion which was to substitute the firm of Bisceglia & Oppenheim for Nathaniel M. Swergold as counsel for the defendants is denied.

The instant action arises out of the plaintiff Paul Desriusseaux's claim that on September 26, 1991, a Mack Dump Truck owned by the defendant Val-Roc Truck Corp. and driven by the defendant John A. Pizzariella, struck his vehicle and caused him to sustain severe personal injuries. In 1993, the plaintiff's insurance carrier, Preferred Mutual Insurance Company, opposed the plaintiff's uninsured motorist claim. After a hearing on November 4, 1993, it was decided, upon the default of American Transit Insurance Company (hereinafter American Transit), in appearing at the hearing, that the defendants' vehicle was insured by American Transit at the time of the accident. American Transit moved to vacate its default, but that motion was denied and no appeal was taken from that order.

Subsequently, the plaintiff moved, *inter alia,* to substitute the law firm of Bisceglia & Oppenheim, American Transit's in-house counsel, for Nathaniel Swergold, as counsel for the defendants. The defendants joined in that motion. In an order dated August 1, 1995, the Supreme Court, Kings County, granted the plaintiff's motion.

Generally, absent a showing that there is a conflict of interest between a liability insurer and the insured, an insurer has the right to control the defense of an action brought against the insured *(see, Shand Morahan & Co. v Rice,* 160 AD2d 1078). There is no evidence that American Transit waived its right to control the defense of the underlying personal injury action. Accordingly, the Supreme Court lacked the authority to direct the appellant to appear as counsel on the insurer's behalf in the instant action. Any application to compel American Transit to fulfill its obligation to defend should be brought against American Transit and not against its attorney.

The appellant's remaining contentions are without merit. Bracken, J. P., Copertino, Pizzuto and Goldstein, JJ., concur.