■ Cocozzelli, Lerner, Meunkle & Grossman, L. L. P., Respondent, v Philip Basile et al., Appellants. [668 NYS2d 632] —In an action, *inter alia,* to recover unpaid legal fees, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated December 12, 1996, which granted the plaintiff's motion for summary judgment and for the imposition of a sanction pursuant to CPLR 8303-a and 22 NYCRR 130.1-1.

Ordered that the appeal purportedly taken by the defendant Philip Basile is dismissed, and so much of the order dated December 12, 1996, as granted summary judgment against that defendant is vacated; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the plaintiff's motion is denied; and it is further,

Ordered that the remaining appellants are awarded one bill of costs.

The defendant Philip Basile died before the submission of the motion papers which resulted in the granting of summary judgment to the plaintiff. It appears that no legal representative was substituted for the estate of the deceased defendant as is required by CPLR 1015 (a). Therefore, the order is a nullity insofar as it pertains to the deceased defendant, and this Court has no jurisdiction to hear and determine the appeal purportedly brought by that defendant (*see, Bossert v Ford Motor Co.,* 140 AD2d 480; *Ludlam Stead v Rezza,* 118 AD2d 628).

As to the remaining defendants, the plaintiff failed to establish its entitlement to judgment as a matter of law (*see, e.g., McCue v Battaglia,* 211 AD2d 625; *Law Firm of Ira H. Leibowitz, Lasky & Peterson v Sikowitz,* 129 AD2d 774).

The plaintiff alleges that in October or December of 1995, it entered into an oral agreement to perform certain legal services for the defendants. This action was commenced to recover some $44,114.50 in unpaid legal bills. In support of its motion for summary judgment, the plaintiff submitted two statements, one dated December 22, 1995, and the second dated March 7, 1996, both of which were addressed to the defendant Philip Basile, since deceased. The statements are on blank sheets of paper and there is no indication of when they were sent. The statement dated March 7, 1996, contains an assortment of charges, some of which appear to have no relationship to any of the defendants, and mentions an unexplained "previous balance" of $13,631.75. Although the March 7, 1996, statement recites a "total due" of $22,057.25, the plaintiff is also suing on the earlier statement dated December 22, 1995, in the amount of either $16,512.50 or $8,256.25 (*see, e.g., Marshall, Bratter, Greene, Allison & Tucker v Knight,* 52 AD2d 547).

The only person who could explain these statements is David Grossman, who, the defendants admit, acted as their attorney in the past, and who became a partner in the plaintiff law firm some time after November 20, 1995. The plaintiff contends that Mr. Grossman was present when the alleged oral agreement between it and the defendants was entered into. Some of the work sued upon was apparently Grossman's, and he may have transferred all of his files to the plaintiff law firm when he joined it. However, the plaintiff inexplicably failed to support its motion for summary judgment with an explanatory affidavit from its partner Mr. Grossman, without which, "[w]hat-

ever the merits of the application, this case does not lend itself to summary judgment" on any of the theories advanced in the complaint (*Hastings v C. B. Richard, Ellis & Co.,* 36 AD2d 695; *see, McMahon v Pfister,* 49 AD2d 729, 730). Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.