■ ISMAEL MARTINEZ et al., Respondents, v ONE PLUS RENTAL SYSTEMS, INC., Defendant and Third-Party Plaintiff-Respondent. DARTZ, INC., Doing Business WIFFLE SMITHS, Third-Party Defendant-Appellant. [668 NYS2d 106] —In an action to recover damages for personal injuries, the third-party defendant, Dartz, Inc., d/b/a Wiffle Smiths, appeals from so much of an order of the Supreme Court, Suffolk County (Rohl, J.), entered June 10, 1996, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, an employee of the appellant, was injured when the door of a storage trailer, which had been leased from the defendant third-party plaintiff, fell upon him as he was attempting to place materials in the trailer.

As a third-party defendant, the appellant was entitled to move for summary judgment dismissing the complaint (*see,* CPLR 1008; *Townside Furniture & Decorators v Best Lbr. & Millwork Co.,* 148 AD2d 442; *Lewis v Borg-Warner Corp.,* 35 AD2d 722). However, to obtain such relief, the movant bears the initial burden of making a prima facie showing of its entitlement to judgment as a matter of law. Absent such a showing, the motion is to be denied regardless of the insufficiency of the opposing papers (*see, Empbanque Capital Corp. v Griffith,* 198 AD2d 259; *Shamberg Marwell Cherneff & Hocherman v Laufer,* 193 AD2d 664). Here, the appellant failed to meet its initial burden since questions of fact remain as to whether the defendant third-party plaintiff may have had notice of the allegedly defective condition which caused the plaintiff's injuries, and whether the defendant third-party plaintiff may have affirmatively created such condition (*see*

*generally, Mercer v City of New York*, 88 NY2d 955; *Chin v Harp Mktg.*, 232 AD2d 601).

Accordingly, although the Supreme Court improperly characterized the appellant's motion as moot, it properly denied the appellant's motion for summary judgment dismissing the complaint. Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.