■ FLORENCE BLUESTEIN, Respondent, v CITY OF NEW YORK, Defendant, and the Estate of HARRIET W. KASSOP, by HARRY KASSOP, as Executor of HARRIET KASSOP, Deceased, Appellant. [720 NYS2d 378] —In an action to recover damages for personal injuries, the defendant Estate of Harriet W. Kassop, Harry Kassop Executor or Administrator, appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated June 6, 2000, which denied the motion made on behalf of the deceased Harry Kassop to remove the action from the trial calendar and *sua sponte* directed the Estate of Harriet W. Kassop to substitute a new executor for the deceased Harry Kassop.

Ordered that the appeal is dismissed, without costs or disbursements, and, the order dated June 6, 2000 is vacated.

After the death on December 2, 1999, of Harry Kassop, the personal representative of the Estate of Harriet W. Kassop (hereinafter the Estate), any order issued before the substitution of a new personal representative was a nullity as to the Estate (*see, Kelly v Methodist Hosp.*, 276 AD2d 672; *Meehan v Washington*, 242 AD2d 286; CPLR 1015 [a]; EPTL 11-3.2, 11-3.4). The order dated June 6, 2000, which determined a motion brought by the former attorney for Harry Kassop, was issued before the substitution of a new personal representative for the Estate. It is therefore a nullity and must be vacated. Furthermore, the purported appeal from the order must be dismissed as this Court has no jurisdiction to hear and determine the appeal (*see, Kelly v Methodist Hosp., supra; Flaherty v Lynch,* 265 AD2d 376; *Cocozzelli, Lerner, Meunkle & Grossman v Basile,* 247 AD2d 354). Were we to consider the appeal on the merits, we would determine that the note of issue which was served after Harry Kassop's death was a nullity as to the Estate (*see, Braynard v Morgan,* 50 AD2d 810). O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.