■ OLEG LIVSHITS et al., Respondents, v OLEG RAGINSKIY, Defendant, and CATHERINE S. BARRY, Appellant. [735 NYS2d 579] —In an action to recover damages for personal injuries, etc., the defendant Catherine S. Barry purportedly appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated June 21, 2000, as conditionally granted her motion to dismiss the complaint insofar as asserted against her based on lack of personal jurisdiction unless the plaintiffs served a proper party in 30 days.

Ordered that the purported appeal is dismissed, without costs or disbursements, the order dated June 21, 2000, is vacated, the action insofar as asserted against the defendant Catherine S. Barry is dismissed, and the action against the remaining defendant is severed.

When this action was commenced in 1998, the defendant Catherine S. Barry was deceased. In 2000 Barry purportedly moved to dismiss the complaint insofar as asserted against her based on lack of personal jurisdiction. While an administrator for Barry's estate was appointed in 1996, the estate was not made a party to the action. Since the Supreme Court was without jurisdiction, the order purportedly appealed from is a nullity, and the action insofar as asserted against Barry is dismissed (see, Berlinger v City of New York, 289 AD2d 188; Bluestein v City of New York, 280 AD2d 506; Cocozzelli, Lerner, Meunkle & Grossman v Basile, 247 AD2d 354). Furthermore,

the purported appeal from the order must be dismissed, as this Court has no jurisdiction to hear and determine the appeal (*see, Cocozzelli, Lerner, Meunkle & Grossman v Basile, supra*). Ritter, J. P., Friedmann, Feuerstein and Crane, JJ., concur.