OPINION OF THE COURT
Donald Scott Kurtz, J.
The decision/order on this motion and cross motion is as follows:
Defendants move to vacate the judgment entered on November 21, 2011; restore this action to the trial calendar; and to enforce the negotiated settlement. Plaintiff cross-moves to disqualify defense counsel.
On October 24, 2012, this action was settled before Honorable Kenneth Sherman in the amount of $19,500. The settlement was neither reduced to writing nor placed on the record in open court. Plaintiff served defendants with a general release and stipulation of discontinuance. Defendants objected to the language in the release which attempted to reserve plaintiffs right to bring a loss of earnings or special damages claim against defendants’ insurance company. Defendants allege that they understood the settlement amount to include all claims afforded to plaintiff, including all special damages and bodily injury claims against defendants and their insurer. Defendants contacted Judge Sherman and he scheduled a post-settlement conference for December 11, 2012. Defendants notified plaintiff of this conference by letter dated November 19, 2012. Plaintiff objected to the conference and failed to appear on the scheduled date. On November 21, 2012, plaintiff filed a judgment with the County Clerk, pursuant to CPLR 5003-a, after failing to receive payment pursuant to the alleged settlement. Defendants now move to vacate the judgment. Plaintiff cross-moves to disqualify defense counsel, claiming that defendants’ attorney may not represent both defendants and their insurance company due to a conflict of interest.
In support of their motion to uphold the negotiated settlement agreement, defendants argue that the settlement agreed to included a release of all claims by the plaintiff against the insurer and the insured. Defendants maintain that at the conference, plaintiffs counsel voiced his concern that the negotiated *347 amount be enough to cover plaintiffs no-fault/lost earnings claims. Defendants argue that the amount of $19,500 was offered and accepted with the understanding that it incorporated and waived plaintiffs remaining claims, including the lost earnings claim arising out of the instant accident. Defendants acknowledge, however, that the settlement was not reduced to writing and that the conference before the judge does not satisfy the “open court” requirement of CPLR 2104.
In opposition, plaintiff argues that the claim was settled against the defendants only and to settle against the insurer would be “illegal.” He contends that 11 NYCRR 65-3.18 stands for the proposition that it is “illegal” for the settlement of plaintiffs claims against defendants to include no-fault claims that plaintiff had against defendants’ insurance company. Moreover, plaintiff argues that settlements that are made in court before a judge and without a stenographer may satisfy the “open court” requirement. He cites Deal v Meenan Oil Co. (153 AD2d 665 [2d Dept 1989]) and Popovic v New York City Health & Hosps. Corp. (180 AD2d 493 [1st Dept 1992]) in support of this position. Plaintiff also attaches an “eLaw” printout which reflects that the action was marked “settled before trial” and maintains that this satisfies the “open court” requirement as well.
A purported settlement between parties during a trial conference is not enforceable unless it is reduced to writing and signed by the parties or made in “open court.” (See CPLR 2104; Andre-Long v Verizon Corp., 31 AD3d 353 [2d Dept 2006]; Johnson v Four G’s Truck Rental, 244 AD2d 319 [2d Dept 1997].) The clerk’s notation “settled before trial” does not constitute a sufficient memorialization of the terms of the alleged settlement so as to satisfy the “open court” requirement. (See id.; Zambrana v Memnon, 181 AD2d 730 [2d Dept 1992].)
The parties admittedly did not reduce the terms of the settlement to a writing. An agreement reached in open court must have “definite terms, and, at the very least, must be entered in the minute book of such a proceeding.” (Kalomiris v County of Nassau, 121 AD2d 367, 368 [2d Dept 1986] [citations omitted].) Here, the calendar clerk simply marked the case settled. The mere computer entry by a clerk indicating that the case was settled, in and of itself, is insufficient to satisfy CPLR 2104. (See id.; Andre-Long v Verizon Corp. [finding that even the notation on the trial judge’s calendar marking the case “settled” did not constitute a settlement made in “open *348 court”].) To address plaintiffs claim of “illegality,” 11 NYCRR 65-3.18 provides that personal injury protection benefits may not be released except as provided in section 65-3.16 (b) (13) (lump-sum settlements). It is therefore possible (and perfectly legal) to release such claims upon approval by the court and execution of the proper forms. More importantly, defendant believed this was part of the settlement and it is clear to this court that the parties did not have a meeting of the minds.
Consequently, the court finds that the purported settlement is unenforceable. There is no writing memorializing the terms of the settlement nor was this matter settled in open court.
In plaintiffs cross motion to disqualify defendants’ counsel, plaintiff maintains that defense counsel has a conflict of interest by representing both the interests of defendants’ insurance carrier as well as defendants. He maintains that counsel is, in essence, representing both defendants and their insurance carrier by making “aggregate settlements.”
Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.7 (a) (1), states in pertinent part that “a lawyer shall not represent a client if a reasonable lawyer would conclude that. . . the representation will involve the lawyer in representing differing interests.” “Generally, absent a showing that there is a conflict of interest between a liability insurer and the insured, an insurer has the right to control the defense of an action brought against the insured.” (Desriusseaux v Val-Roc Truck Corp., 230 AD2d 704, 705 [2d Dept 1996].)
The court finds that defense counsel does not have a conflict of interest. An insurer has the right to control the defense of an action brought against its insured. (See Desriusseaux v Val-Roc Truck Corp., 230 AD2d at 705.) Here, the amount offered by defendants was in contemplation of settling all claims by this plaintiff, which does not, in and of itself, constitute a conflict.
In view of the foregoing, the defendants’ motion is granted to the extent that this action is restored to the trial calendar on May 30, 2013. The cross motion is denied.