### BANKS *v.* GOODLIFFE *et al.*

(*Supreme Court, General Term, Second Department.*   July 2, 1891.)

MORTGAGES—SATISFACTION—CONSIDERATION OF DEED.

    Defendant executed to one B. a mortgage on two tracts of land, and then conveyed one tract to F., plaintiff's wife, by a deed which recited that the conveyance was made subject to the mortgage in question, "or so much of said mortgage as may not otherwise be satisfied; that is to say, by other property described in said mortgage mentioned."   The negotiations for the conveyance were conducted by plaintiff.   After the conveyance to F. the mortgage was assigned to one S., who released the lien thereof as to the tract which had been conveyed to F., and then assigned the mortgage to plaintiff.   *Held,* in an action to foreclose the mortgage as to the tract retained by defendant, that it was competent to introduce evidence tending to show that the mortgage was paid in making up the consideration of the deed to F.

Appeal from special term, Westchester county.

Action by Charles G. Banks against John T. Goodliffe and others to foreclose a mortgage.   Defendant Goodliffe, while the owner of two certain tracts of land, on January 15, 1877, executed a mortgage thereon to one Richard Burnett; and on July 27, 1877, Goodliffe conveyed one of said tracts to Fannie E. Banks, the wife of plaintiff.   On November 16, 1878, Burnett assigned the mortgage to Sarah S. Banks, the sister-in-law of plaintiff.   Sarah S. Banks released the mortgage as to the land that had been conveyed to Fannie E. Banks, and on February 16, 1881, assigned the mortgage to plaintiff. There was a judgment for plaintiff, and defendants appeal.

Argued before BARNARD, P. J., and PRATT, J.

*Cornelius E. Kene,* for appellants.   *Charles G. Banks,* (*H. C. Henderson,* of counsel,) for respondent.

BARNARD, P. J.   The defendants Goodliffe and wife on the 15th of January, 1877, executed a mortgage to one Richard Burnett for $301.85.   The mortgage covered two pieces of land,—one in New Rochelle, and the other partly in New Rochelle and partly in Mamaronick.   The plaintiff has title to

the mortgage by assignments from Burnett to Sarah S. Banks and from Sarah S. Banks to him. Before Sarah S. Banks assigned the mortgage to plaintiff she released the New Rochelle property from the lien of the mortgage. The title to the land is as follows: In July, 1877, Goodliffe and wife conveyed to Fannie E. Banks, plaintiff's wife, the New Rochelle property. The plaintiff conducted the negotiations for his wife which resulted in the deed. The deed contained this clause: "Subject to a mortgage of $301, made by said John T. Goodliffe and wife to Richard Burnett, dated January 15th, 1877, recorded January 20th, in Liber 704 of Mortgages, page 238, of said register's office, at 9:30 A. M., or so much of said mortgage as may not otherwise be satisfied; that is to say, by other property described in said mortgage mentioned." Proof to show that this $301 mortgage was paid in making up the consideration or the conveyance was rejected because the deed contained this covenant. The evidence was proper. A certain consideration was called for by the deed, amounting to $6,409. The plaintiff stated that he had not the cash consideration, and the mortgage in question was allowed as part payment thereof. We think the proof was admissible. It was in effect proving payment of the mortgage. What the real facts may be when the evidence offered is received cannot be known, but upon the record it appears that it may be that the deed was executed and delivered upon the expectation that a certain amount of money should be paid, and the conveyance made subject to this mortgage, and that the mortgage was used as a money payment. This view seems to be borne out by the fact, which is proven, that no interest was paid upon the Burritt mortgage after 1878, a period of about 12 years. The judgment should be reversed, and a new trial granted, costs to abide event.