THELMA SANDERS & ASSOCIATES, INC., Appellant, v RITA ROTH et al., Respondents, et al., Defendants

In 1976, the defendant Rita Roth executed a mortgage on her home in favor of the plaintiff to secure a three-month loan of $25,000 to the defendant, Amy Construction, Inc., a corporation wholly owned by her husband, the defendant Nehemia Roth. In late 1980, on the eve of Nehemia Roth's imprisonment on an unrelated matter, he met several times with Morris Sanders, the treasurer and business agent of the plaintiff, a corporation wholly owned by its president, Sanders' wife. Roth testified at trial that he and Sanders agreed that Roth would deed certain properties, other than the family home, to the plaintiff in satisfaction of the mortgage and that the plaintiff would dispose of the properties and share the excess with Roth's wife. Sanders testified that the properties were offered to him personally to induce him to persuade the plaintiff to forebear from foreclosure on the Roth family home while Roth was incarcerated. The properties were duly turned over to Sanders, who disposed of two of them and kept the third, a Manhattan apartment building which was held by a newly formed corporation created for that purpose. The Manhattan building was ultimately sold in December 1984 for the sum of $115,000 more than the outstanding mortgage debt on that building.

Although the plaintiff is correct in its contention that its submission of the loan agreements and mortgage made out a prima facie case of nonpayment, we reject the plaintiff's contention that the defendants failed to carry their burden of proof to show payment because they did not submit a written satisfaction of the mortgage. In this case, satisfaction of the debt was established by sworn testimony (see, American Guild v Damon, 186 NY 360; Banks v Goodliffe, 60 Hun 586, 15 NYS 466; Mayo v Davidge, 51 Hun 644, 4 NYS 77). Once the plaintiff admitted that the properties were transferred in connection with the mortgage at issue, the issue before the court was whether the transfer was intended to satisfy the

indebtedness. Faced with conflicting versions of events, the court resolved the credibility issue in favor of the defendants and found that the transfer was intended to satisfy the indebtedness. Moreover, under the circumstances of this case, the plaintiff may not be heard to deny that Sanders was acting in the plaintiff's behalf in accepting the defendants' property in satisfaction of the indebtedness *(see, Hatton v Quad Realty Corp.,* 100 AD2d 609, *lv denied* 63 NY2d 608).

After reviewing the record in the light most favorable to sustaining the trial court's judgment, we conclude that the evidence was sufficient to support the trial court's findings. Giving due deference to the trial court's findings on credibility, we find that the verdict was not against the weight of the credible evidence *(see, McKnight v Murabito,* 139 AD2d 571; *Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, *lv denied* 70 NY2d 610). Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.