■ LORNA FRASER, Appellant, v CITY OF NEW YORK, Respondent. [640 NYS2d 607] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Krausman, J.), entered January 25, 1995, which, upon granting the defendant's motion for judgment as a matter of law made at the end of the plaintiff's case, is in favor of the defendant and against her dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the repair order of the Department of Transportation, dated June 2, 1987, did not provide prior written notice of the condition which led to the plaintiff's injuries as required by New York City Administrative Code § 7-201 (c) (2). The repair order merely indicated that there were holes in a stretch of roadway which exceeded 400 feet in length. Thus, the repair order failed to bring the particular condition at issue to the attention of the defendant (see, Weinreb v City of New York, 193 AD2d 596). Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.

■ GE CAPITAL MORTGAGE SERVICES, INC., Respondent, v WILLIAM J. FREW, JR., Appellant, et al., Defendants. [640 NYS2d 803] —In an action to foreclose a mortgage, the defendant William J. Frew, Jr., appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered May 12, 1995, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

Under these circumstances, where the plaintiff clearly rejected the offer of the defendant William J. Frew, Jr., to transfer the deed to certain mortgaged property as a means of satisfying the indebtedness thereon, there exist no triable issues of fact as to whether the plaintiff was entitled to foreclose the mortgage (cf., Sanders & Assocs. v Roth, 140 AD2d 513). Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.