■ GLORIA QUINN et al., Respondents, v CITY OF NEW YORK, Defendant, and JOHN X. TRACY et al., Appellants. [706 NYS2d

349] —In an action to recover damages for personal injuries, etc., the defendants John Xavier Tracy and Carol Tracy appeal from an order of the Supreme Court, Kings County (Bruno, J.), dated May 25, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Gloria Quinn was injured when she tripped and fell on a public sidewalk abutting premises owned by the defendants John Xavier Tracy and Carol Tracy (hereinafter the appellants). The plaintiffs alleged, *inter alia*, that the appellants negligently maintained and repaired the sidewalk. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them.

An abutting landowner will not be liable to a pedestrian who sustains an injury on a public sidewalk unless (1) the landowner created the defective condition or caused the defect to occur because of some special use, or (2) a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty (*see, Winberry v City of New York,* 257 AD2d 618; *Alessi v Zapolsky,* 228 AD2d 531). An owner who negligently repairs a municipal sidewalk may be liable to a person who is injured as the result of that negligent repair (*see, Meyer v Guinta,* 262 AD2d 463).

The Supreme Court properly denied the appellants' motion for summary judgment as there are issues of fact as to whether they negligently repaired the sidewalk before the accident (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; CPLR 3212 [b]). Bracken, J. P., Ritter, Santucci and S. Miller, JJ., concur.