■ BARBARA ROTH, Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant. [709 NYS2d 839] —In an action to recover dam-

ages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Carter, J.), dated May 17, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court erred in denying the defendant's motion for summary judgment. It is well settled that a municipality which has enacted a prior written notice statute may not be subject to liability for personal injuries from an improperly maintained sidewalk unless it either received actual written notice of the dangerous condition, its affirmative act of negligence proximately caused the accident, or where a special use confers a special benefit on the municipality (see, Amabile v City of Buffalo, 93 NY2d 471; Poirier v City of Schenectady, 85 NY2d 310). Contrary to the plaintiff's contention, the defendant's maintenance records with respect to the area of her fall did not constitute prior written notice so as to satisfy the statutory requirement (see, Code of Town of North Hempstead § 26-1). Moreover, there is no evidence that the defendant created the condition complained of through any affirmative act of negligence, or that a special use conferred a special benefit upon the defendant (see, Rogers v Town of Ramapo, 211 AD2d 775). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.