■ ELMIRA JAMES, Appellant, v CITY OF NEW ROCHELLE et al., Respondents. [722 NYS2d 772] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Westchester County (Coppola, J.), entered May 5, 2000, as granted that branch of the motion of the defendant New Rochelle Municipal Housing Authority which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, entered June 22, 2000, as granted that branch of the motion of the defendant City of New Rochelle which was for summary judgment dismissing the complaint insofar as asserted against it and denied her cross motion for summary judgment on the issue of liability.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleges that she was injured when she tripped

and fell on an area of uneven sidewalk on Horton Avenue in the City of New Rochelle. The sidewalk was adjacent to the Hartley House Development, a housing project owned by the defendant New Rochelle Municipal Housing Authority (hereinafter NRMHA). The City of New Rochelle owns the sidewalk. The plaintiff appeals from separate orders which, *inter alia*, granted those branches of the respective motions of NRMHA and the City which were for summary judgment dismissing the complaint insofar as asserted against them. We affirm both orders insofar as appealed from.

The Supreme Court properly granted that branch of the motion of NRMHA which was for summary judgment dismissing the complaint insofar as asserted against it. "An abutting landowner will not be liable to a pedestrian who sustains an injury on a public sidewalk unless (1) the landowner created the defective condition or caused the defect to occur because of some special use, or (2) a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty" (*Quinn v City of New York,* 271 AD2d 515, 516; *see, Hausser v Giunta,* 88 NY2d 449, 452-453; *Winberry v City of New York,* 257 AD2d 618; *Alessi v Zapolsky,* 228 AD2d 531). In the instant case, there is no evidence that NRMHA created the alleged defect, and although NRMHA was obligated to maintain the sidewalk outside the Hartley House Development, the ordinance which imposes that responsibility does not expressly make NRMHA liable for injuries occasioned by its failure to perform that duty (*see, Winberry v City of New York, supra; Alessi v Zapolsky, supra*).

Similarly, the Supreme Court also properly granted the City's motion for summary judgment. Although we agree with the plaintiff that a triable issue of fact exists as to whether the alleged defect at issue was trivial (*see generally, Trincere v County of Suffolk,* 90 NY2d 976), there was no evidence that the City had prior written notice of the alleged defect, as required by City of New Rochelle Charter § 127A. "It is well settled that a municipality which has enacted a prior written notice statute may not be subject to liability for personal injuries from an improperly maintained sidewalk unless it either received actual written notice of the dangerous condition, its affirmative act of negligence proximately caused the accident, or where a special use confers a special benefit on the municipality (*see, Amabile v City of Buffalo,* 93 NY2d 471; *Poirier v City of Schenectady,* 85 NY2d 310)" (*Roth v Town of N. Hempstead,* 273 AD2d 215; *see, Caramanica v City of New*

*Rochelle,* 268 AD2d 496, 497). There is no merit to the plaintiff's contention that a 1993 report prepared for the City for the "Curb and Sidewalk Improvement Program" was sufficient to constitute the required prior written notice. Although this report identified Horton Avenue as being in "poor" condition, it failed to identify any particular defect which needed repair (*see, Fraser v City of New York,* 226 AD2d 424; *Mitchell v Town of Fowler,* 231 AD2d 170, 171-172; *Brzytwa-Wojdat v Town of Rockland,* 256 AD2d 873, 874; *Roth v Town of N. Hempstead, supra*).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Friedmann, McGinity and Luciano, JJ., concur.