■ MARC PACKER et al., Appellants, v CITY OF NEW YORK, Defendant, and MANUFACTURERS HANOVER TRUST, Respondent. (And a Third-Party Action.) [723 NYS2d 378] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 15, 2000, as granted that branch of the motion of the defendant Manufacturers Hanover Trust which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion is denied, and the complaint is reinstated insofar as asserted against the respondent.

On February 19, 1994, the plaintiff Marc Packer allegedly tripped and fell on a broken, uneven sidewalk in front of a branch office of the respondent, Manufacturers Hanover Trust. A landowner is not liable to a pedestrian passing by on a public sidewalk unless the landowner created the defective condition or caused it to occur because of a special use, or unless a statute or ordinance places the obligation to maintain the sidewalk upon it and imposes liability for injuries resulting from the breach of that obligation (*see, Leggio v County of Nassau,* 281 AD2d 518). On its motion for summary judgment, the respondent failed to establish a prima facie case that it did not create the defective condition. Accordingly, the Supreme Court

should have denied that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against it. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.