■ .Yvonne M. Peron, Respondent, v Rite Aid of New York, Inc., et al., Appellants. [729 NYS2d 643] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Glover, J.), dated June 6, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"An abutting landowner will not be liable to a pedestrian who sustains an injury on a public sidewalk unless (1) the landowner created the defective condition or caused the defect to occur because of some special use, or (2) a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty" (Quinn v City of New York, 271 AD2d 515, 516; see, James v City of New Rochelle, 282 AD2d 503; Leggio v County of Nassau, 281 AD2d 518). Although the plaintiff made no claim of a special

use or a violation of a statute or ordinance by the defendants (*see, Pich v Krupp,* 272 AD2d 459), the defendants failed to establish a prima facie case that they did not create the allegedly dangerous condition which caused the plaintiff to trip and fall (*see, Packer v City of New York,* 282 AD2d 587). Therefore, the Supreme Court properly denied their motion for summary judgment dismissing the complaint (*see, Williams v Southland Corp.,* 204 AD2d 717). Bracken, P. J., S. Miller, Friedmann and Florio, JJ., concur.