■ JUDITH BERLINGER et al., Respondents, v CITY OF NEW YORK, Respondent, and MARTIN TATTENBAUM et al., Appellants. [733 NYS2d 914] —In an action to recover damages for personal injuries, etc., the defendant Sondra Tattenbaum appeals, and the defendant Martin Tattenbaum purportedly appeals, from an order of the Supreme Court, Kings County (Hutcherson, J.), dated January 12, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the purported appeal by the defendant Martin Tattenbaum is dismissed; and it is further,

Ordered that the order is modified by adding thereto a provision dismissing the action insofar as asserted against the defendant Martin Tattenbaum, and severing the action against the remaining defendants; as so modified, the order is affirmed; and it is further,

Ordered that defendant City of New York is awarded one bill of costs.

The appeal by the defendant Martin Tattenbaum must be dismissed as that defendant died before this action was commenced and the order, which was issued before the substitution of a personal representative for his estate, is a nullity as to him (*see, Bluestein v City of New York,* 280 AD2d 506).

"An abutting landowner will not be liable to a pedestrian who sustains an injury on a public sidewalk unless (1) the landowner created the defective condition or caused the defect to occur because of some special use, or (2) a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty * * * An owner who negligently repairs a municipal sidewalk may be liable to a person who is injured as a result of that negligent repair" (*Quinn v City of New York,* 271 AD2d 515, 516; *see, Peron v Rite Aid,* 286 AD2d 488). In the instant case, the Supreme Court properly denied summary judgment to the defendant Sondra Tattenbaum dismissing the complaint and all cross claims insofar as asserted against her, as she failed to establish a prima facie case that she did not create the allegedly defective condition at issue (*see, Peron v Rite Aid, supra*; *Packer v City of New York,* 282 AD2d 587). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.