■ JOHN SEITH et al., Respondents, v CITY OF NEW YORK et al., Respondents, and MICHAEL F. BARGINE et al., Appellants. [741 NYS2d 112] —In an action to recover damages for personal injuries, etc., the defendants Michael F. Bargine and Kathleen M. Bargine appeal from an order of the Supreme Court, Queens County (Flug, J.), dated January 26, 2001, which denied their motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

An abutting landowner is generally not liable to a pedestrian who sustains an injury on a public sidewalk unless, inter alia, the landowner created the condition or had a statutory duty to maintain the sidewalk (*see Berlinger v City of New York,* 289 AD2d 188; *Winberry v City of New York,* 257 AD2d 618). However, a landowner who negligently repairs a municipal sidewalk may be liable to a person who is injured as the result of that negligent repair (*see Quinn v City of New York,* 271 AD2d 515, 516; *Meyer v Guinta,* 262 AD2d 463). The Supreme Court properly denied the appellants' motion for summary judgment because there are issues of fact as to whether they negligently repaired the sidewalk before the accident, and where the repairs were made (*see Zuckerman v City of New York,* 49 NY2d 557; *Quinn v City of New York, supra*). Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.