■ EVA CAMENSON, Respondent, v TOWN OF NORTH HEMPSTEAD, Appellant. [748 NYS2d 790] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated February 25, 2002, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend the complaint and bill of particulars.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

On April 5, 1999, the plaintiff was injured in a slip-and-fall accident on a sidewalk. Town Code of the Town of North Hempstead § 26-1 (hereinafter the Code) requires, as a precondition to any municipal liability for monetary damages based on personal injuries resulting from a defective sidewalk, that prior written notice of such defect have been "actually given to the Town Superintendent of Highways or the Town Clerk." The defendant made a prima facie showing that no prior written notice relating to the sidewalk defect alleged in this case was actually received by either of those two officers.

In opposition, the plaintiff points to certain proof tending to establish that in September 1998, an employee of the Town's Department of Highways received a "speed letter," which referred to the need to inspect and repair a portion of the sidewalk in question. However, under the terms of the Code, "[T]he Town Clerk or the Town Superintendent of Highways are the only persons designated to receive such written notice" (*Kirschner v Town of Woodstock,* 146 AD2d 965, 966; *see Hampton v Town of N. Hempstead,* 298 AD2d 556 [decided herewith]).

Assuming that the receipt of the "speed letter" by this employee can be equated to its receipt by the Superintendent of Highways (*but see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 548-549), the message it contained did not describe any particular defect. Instead, it merely referred to the sidewalk in front of a particular house, a portion of which had been the subject of a telephonic complaint, and which was consequently determined to be in need of inspection and possible repair. This did not constitute written notice to the defendant that a specific defect existed (*see Hampton v Town of N. Hempstead, supra*; *James v City of New Rochelle,* 282 AD2d 503; *Fraser v City of New York,* 226 AD2d 424; *see also Laing v*

*City of New York,* 71 NY2d 912, 914). For these reasons, the defendant's motion for summary judgment should have been granted.

The plaintiff's cross motion for leave to amend the pleadings so as to allege compliance with the Code should have been denied, as there was no such compliance. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.