■ ELIZABETH HAMPTON, Appellant, v TOWN OF NORTH HEMPSTEAD, Respondent. [748 NYS2d 675] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated June 25, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A municipality which has enacted a prior written notice statute may not be subjected to liability for personal injuries resulting from an improperly-maintained sidewalk, unless it received actual written notice of the dangerous condition, its affirmative act of negligence proximately caused the accident, or a special use confers a special benefit to the municipality (see *Amabile v City of Buffalo,* 93 NY2d 471). Contrary to the plaintiff's contention, the "special letter" dated May 22, 1990, did not constitute prior written notice to satisfy Town Code of the Town of North Hempstead § 26-1, as it failed to identify the particular defect which needed repair (see *Camenson v Town of N. Hempstead,* 298 AD2d 543 [decided herewith]; *James v City of New Rochelle,* 282 AD2d 503; *Roth v Town of N. Hempstead,* 273 AD2d 215). Moreover, there is no evidence that the defendant created the condition complained of through any affirmative act of negligence, or that a special use conferred a special benefit upon the defendant (see *Roth v Town of N. Hempstead, supra*). Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.