■ BETTY L. MCCABE, Appellant, v TOWN OF RIVERHEAD, Respondent. [767 NYS2d 802]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated October 2, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. The Town of Riverhead did not receive prior written notice of the sidewalk defect over which the plaintiff allegedly tripped and fell as required by the Town of Riverhead Code § 10-2. Contrary to the plaintiff's contentions, the two letters regarding the general deteriorated condition of the sidewalks in the downtown district did not sufficiently identify the particular defect which caused the plaintiff to fall and its location (*see Hampton v Town of N. Hempstead,* 298 AD2d 556 [2002]; *Camenson v Town of N. Hempstead,* 298 AD2d 543 [2002]; *Gellos v Town of Hempstead,* 284 AD2d 370 [2001]; *James v City of New Rochelle,* 282 AD2d 503, 505 [2001]). Furthermore, notice of one isolated sidewalk defect in front of property adjoining the subject property more than two years before this accident did not, without more, qualify as notice of the particular sidewalk defect in front of the subject property (*see Jones v Town of Brookhaven,* 227 AD2d 530 [1996]). Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.