■ SELMA FARRAGO et al., Appellants, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Respondents. [794 NYS2d 107]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 2, 2004, as granted that branch of the motion of the defendant Village of Bronxville which was for summary judgment dismissing the complaint insofar as asserted against it, and that branch of the cross motion of the defendants Great Atlantic & Pacific Tea Company, Inc., and Arizona Lipnob Estates, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants Great Atlantic & Pacific Tea Company and Arizona Lipnob Estates, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, with costs to the defendant Village of Bronxville payable by the defendants Great Atlantic & Pacific Tea Company, Inc., and Arizona Lipnob Estates, Inc.

The plaintiff Selma Farrago was injured when she allegedly tripped and fell on a sidewalk adjacent to the premises owned and leased by the defendants Great Atlantic & Pacific Tea Company and Arizona Lipnob Estates, Inc. (hereinafter the store defendants). The public sidewalk was owned by the Village of Bronxville.

The Village may be liable only for those defects and dangerous conditions on its streets and sidewalks of which it has been actually notified, in writing (*see* Village of Bronxville Code § 6-628; Village Law § 6-658; *Amabile v City of Buffalo*, 93 NY2d 471, 475 [1999]; *Katz v City of New York*, 87 NY2d 241, 243 [1995]). "[A] 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall" (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994], quoting *Gordon v American Museum of Natural History*, 67 NY2d 836, 838).

Contrary to the plaintiffs' contention, they failed to demon-

strate that the Village had prior written notice of the defective condition which allegedly caused the plaintiff Selma Farrago to fall (*see Hampton v Town of N. Hempstead,* 298 AD2d 556 [2002]; *Camenson v Town of N. Hempstead,* 298 AD2d 543 [2002]; *Fraser v City of New York,* 226 AD2d 424 [1996]). Under the circumstances of this case, prior written notice of defects at other locations of the sidewalk did not constitute sufficient notice under the statute.

Furthermore, "[t]o hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by a special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Jeanty v Benin,* 1 AD3d 566, 567 [2003]; *Diaz v Vieni,* 303 AD2d 713 [2003]). There are issues of fact as to whether the store defendants constructed the brick sidewalk, and, if so, whether they had notice of the alleged defective condition.

Accordingly, while summary judgment was properly granted to the Village, it should have been denied as to the store defendants. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.