■ CARMELA PATTI, Appellant, v TOWN OF NORTH HEMPSTEAD et al., Respondents, et al., Defendant. [806 NYS2d 93]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau

County (DeMaro, J.), entered April 23, 2004, which granted the separate motions of the defendants Town of North Hempstead, Incorporated Village of Lake Success, and Anglican Episcopal Church of Saint Phillip and Saint James for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell on a sidewalk abutting property owned by the defendant Anglican Episcopal Church of Saint Phillip and Saint James (hereinafter the Church). The plaintiff asserted that the defendant Town of North Hempstead and the defendant Incorporated Village of Lake Success owned or maintained the subject sidewalk. The evidence submitted by the Town and the Village in support of their respective motions for summary judgment demonstrated that neither had received prior written notice of the defective condition, establishing their prima facie entitlement to judgment as a matter of law (*see Camenson v Town of N. Hempstead*, 298 AD2d 543 [2002]; *Boscolo v County of Nassau*, 229 AD2d 457 [1996]). The Church also established its prima facie entitlement to judgment as a matter of law on the basis that it did not have a duty to maintain the sidewalk and did not create the allegedly dangerous condition (*see Vrabel v City of New York*, 308 AD2d 443 [2003]; *Conlon v Village of Pleasantville*, 146 AD2d 736 [1989]).

In opposition, the plaintiff's speculative and unsupported contention that one of the defendants must have repaired the sidewalk where the accident occurred and therefore created the allegedly dangerous condition was insufficient to raise a triable issue of fact (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Boscolo v County of Nassau, supra; Devine v City of New York*, 300 AD2d 532, 533 [2002]). Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.