■ FRANCINE CANNIZZARO et al., Appellants, v SIMCO MANAGEMENT Co. et al., Respondents, et al., Defendant. [809 NYS2d 196]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Joseph, J.), entered August 2, 2004, which granted the motion of the defendants Simco Management Co. and Avis Service, Inc., and the separate motion of the defendant Westbury Garden Center, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Francine Cannizzaro allegedly sustained personal injuries when she tripped and fell on a "cracked" public sidewalk. The incident occurred in Hempstead, abutting commercial premises subleased to the defendant Westbury Garden Center (hereinafter Westbury) by the defendant Avis Service, Inc. (hereinafter Avis), and owned by the defendant Simco Management Co. (hereinafter Simco).

As a general rule, a landowner or tenant will not be liable to a pedestrian injured by a defect in a public sidewalk abutting its premises (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996];

*Sammarco v City of New York*, 16 AD3d 657, 658 [2005]). However, an abutting landowner or tenant will be liable if it either "created the defect, caused it to occur by a special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Jeanty v Benin*, 1 AD3d 566, 567 [2003]; *see Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725, 726 [2003]).

The defendants Simco, Avis, and Westbury demonstrated their entitlement to judgment as a matter of law by presenting evidence that none of the elements necessary to impose liability upon an abutting landowner or tenant are present. There was no evidence that they either created the alleged defect, negligently repaired the sidewalk prior to the accident, caused the defect through some special use of the sidewalk, or violated a statute or ordinance that imposed liability on the abutting entity for failure to repair the alleged defective condition (*see Lowenthal v Theodore H. Heidrich Realty Corp.*, *supra*). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Sammarco v City of New York*, *supra*). Neither the plaintiffs nor the plaintiffs' expert ever observed vehicles entering or leaving the abutting property. The conclusion by the plaintiffs' expert that the alleged defect was caused by vehicular traffic using the sidewalk as a driveway, now or in the past, was entirely speculative and insufficient to raise a factual issue precluding summary relief. (*see Patti v Town of N. Hempstead*, 23 AD3d 362 [2005]; *Banks v Freeport Union Free School Dist.*, 302 AD2d 341, 342 [2003]; *cf. Tate v Freeport Union School Dist.*, 7 AD3d 695, 696 [2004]).

The plaintiffs' remaining contentions are without merit. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.