■ AUGUSTINO BIONDI, Appellant, v COUNTY OF NASSAU et al., Defendants, and BARNEYS HARDWARE, INC., et al., Respondents. [853 NYS2d 381]—

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Bruno v City of New York*, 36 AD3d 640 [2007]). However, an abutting landowner or tenant will be liable to a pedestrian injured by a defect in a sidewalk where the landowner or the tenant negligently constructed or repaired the sidewalk, otherwise caused the defective condition, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the

owner to maintain the sidewalk (*see Hausser v Giunta*, 88 NY2d at 452-453; *Cannizzaro v Simco Mgt. Co.*, 26 AD3d 401, 401-402 [2006]; *Packer v City of New York*, 282 AD2d 587 [2001]).

Here, the defendants Barneys Hardware, Inc., Donald Katz, and Caroline Katz (hereinafter collectively the defendants) made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that none of the elements necessary to impose liability upon an abutting landowner or tenant are present. In response, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Cannizzaro v Simco Mgt. Co.*, 26 AD3d at 402).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to strike his note of issue and certificate of readiness, in effect, in order to depose the defendant Caroline Katz (*see* 22 NYCRR 202.21 [e]; *Utica Mut. Ins. Co. v P.M.A. Corp.*, 34 AD3d 793, 794 [2006]; *Francis v Board of Educ. of City of Mount Vernon*, 278 AD2d 449 [2000]). Rivera, J.P., Ritter, Carni and Leventhal, JJ., concur.