■ TERENCE CLARK, Plaintiff, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondent, and CITY OF WHITE PLAINS, Appellant. (And a Third-Party Action.) [875 NYS2d 274]—

In an action to recover damages for personal injuries, the defendant City of White Plains appeals from an order of the Supreme Court, Westchester County (Giacomo, J.), entered September 11, 2007, which granted the motion of the defendant Great Atlantic & Pacific Tea Company, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Great Atlantic & Pacific Tea Company, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In response to the demonstration of the defendant Great Atlantic & Pacific Tea Company, Inc., of its entitlement to judgment as a matter of law by showing that it did not make a special use of the public sidewalk where the plaintiff fell, and that there was no statute or ordinance pursuant to which liability could be imposed upon it (*see Hausser v Giunta,* 88 NY2d

449, 452-453 [1996]; *Biondi v County of Nassau*, 49 AD3d 580 [2008]; *Noia v Maselli*, 45 AD3d 746 [2007]) the appellant failed to submit evidence sufficient to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]). Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.