■ SPENCER KAGAN et al., Appellants, v TOWN OF NORTH HEMPSTEAD et al., Respondents, et al., Defendant. [888 NYS2d 905]—

On February 4, 2004 at around 9:00 P.M. the injured plaintiff allegedly slipped and fell on ice within a puddle of water at a parking lot owned and maintained by the defendants Town of North Hempstead and Port Washington Parking District (hereinafter the defendants). Heavy rain fell during the previous night, and a mixture of snow and rain fell during the morning hours of February 4, 2004. The parking lot was last plowed on January 28, 2004. At the injured plaintiff's deposition, he asserted that the icy condition within the puddle formed when snow, which had been piled on a nearby median, melted and refroze.

The defendants established their entitlement to judgment as a matter of law by demonstrating that they did not have prior written notice of the alleged icy condition which caused the injured plaintiff to fall (see Town of North Hempstead Code § 26-1; Patti v Town of N. Hempstead, 23 AD3d 362 [2005]; Camenson v Town of N. Hempstead, 298 AD2d 543 [2002]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. Contrary to the plaintiffs' contention, the logbook entry of the defendant Port Washington Parking District for the date of the accident, which merely stated "salt all walks black ice," did not constitute prior written notice so as to satisfy the statutory requirement (see Camenson v Town

*of N. Hempstead,* 298 AD2d 543 [2002]; *Roth v Town of N. Hempstead,* 273 AD2d 215 [2000]; *see also McCarthy v City of White Plains,* 54 AD3d 828, 829-830 [2008]; *Akcelik v Town of Islip,* 38 AD3d 483, 484 [2007]). Additionally, the evidence failed to show that the defendants created the alleged icy condition through an affirmative act of negligence, and that such act immediately resulted in the existence of that condition (*see Yarborough v City of New York,* 10 NY3d 726 [2008]; *San Marco v Village/Town of Mount Kisco,* 57 AD3d 874 [2008]; *Jason v Town of N. Hempstead,* 61 AD3d 936 [2009]; *Ravina v Incorporated Town of Greenburgh,* 6 AD3d 688, 689 [2004]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.