■ Lee Adam Fredette, Respondent, v Town of Southampton et al., Defendants, Lewis Loben et al., Appellants, and Michael Kane et al., Respondents. [902 NYS2d 119]—

In an action to recover damages for personal injuries, the defendants Lewis Loben and Cynthia Loben appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), entered December 22, 2008, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that he was riding an off-road motorcycle or "dirtbike" on a trail in a public park owned by the defendant Town of Southampton and was thrown over the handlebars when the dirtbike struck debris at a point in the trail adjacent to property owned by the defendants Lewis Loben and Cynthia Loben (hereinafter together the Loben defendants). At his dep-

osition, the plaintiff testified that, just before the accident, he observed a pile of leaves and thought he could ride straight through it, but his dirtbike apparently struck something inside the pile. Several witnesses who came to the plaintiff's aid after the accident testified at their depositions that, although they saw leaves on the trail, they did not observe any debris that could have caused the plaintiff to lose control. Another witness testified, however, that, a few hours after the accident, he observed a pile of leaves with pieces of concrete among the leaves. Yet another witness testified that there had been occasions in the weeks preceding the plaintiff's accident when the Loben defendants had yelled at him for using the trail and he observed construction debris strewn on the trail in the vicinity of their property. According to the plaintiff's father and other witnesses, two days after the accident, they observed pieces of concrete, copper pipe, and insulation, both on top of and beneath the leaves. In the Loben defendants' yard, they also observed blocks of concrete similar in appearance to the pieces of concrete. Lewis Loben testified at his deposition that, when he responded to the scene of the accident, he thought the plaintiff had hit a tree because he mentioned "the leaves." Lewis Loben did not observe construction debris on the trail. He acknowledged that there was a stack of paving stones at the back of his house, but testified that no plumbing, concrete, or mortar work was being performed at his home. He testified that he had complained several times to the Town regarding people using motorized vehicles on the trail.

A landowner may be held liable for injuries proximately caused by a dangerous condition existing on municipally owned property abutting the landowner's property if the landowner affirmatively created the dangerous condition (*see Farrell v City of New York*, 67 AD3d 859, 860 [2009]; *Ellman v Village of Rhinebeck*, 41 AD3d 635, 637 [2007]). Here, the Supreme Court properly denied the Loben defendants' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, because they failed to establish their prima facie entitlement to judgment as a matter of law by eliminating a triable issue of fact as to whether they created the allegedly hazardous condition (*see Berlinger v City of New York*, 289 AD2d 188, 189 [2001]; *Packer v City of New York*, 282 AD2d 587 [2001]).

Since the Loben defendants failed to establish their prima facie entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition papers need not be considered (*see Goldenfeld v Euro Comfort Furniture, Inc.*, 48 AD3d 515 [2008]; *Lieberman v Goldhagen*, 38 AD3d 615 [2007]).

The Loben defendants' remaining contentions are without merit. Covello, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.