■ ANGELA PAGANO et al., Respondents, v TOWN OF SMITHTOWN, Appellant, et al., Defendants. [904 NYS2d 729]—

In an action to recover damages for personal injuries, etc., the defendant Town of Smithtown appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated June 2, 2009, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Town of Smithtown which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The complaint alleges that the infant plaintiff was riding her bicycle on the sidewalk of her neighborhood when her bicycle came into contact with a defect in the sidewalk. As a result, she fell off her bicycle and sustained personal injuries. The infant

plaintiff and her mother, suing derivatively, commenced this action against, among others, Town of Smithtown. The Town, inter alia, moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have prior written notice of the alleged defect. The plaintiffs did not oppose the Town's motion. The Supreme Court denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

The Town established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of its Town Clerk, wherein he stated that his search of the Town's records revealed no prior written notice of any hazardous condition in the sidewalk where the accident occurred (*see LiFrieri v Town of Smithtown*, 72 AD3d 750 [2010]; *Shannon v Village of Rockville Ctr.*, 39 AD3d 528 [2007]; *Scafidi v Town of Islip*, 34 AD3d 669 [2006]; *Goldberg v Town of Hempstead*, 156 AD2d 639 [1989]). A letter regarding the general poor condition of the sidewalks in the infant plaintiff's neighborhood, which was written more than three years before this accident, did not constitute prior written notice of the particular defect which caused the infant plaintiff to fall (*see Acheson v City of Mount Vernon*, 6 AD3d 468 [2004]; *McCabe v Town of Riverhead*, 2 AD3d 416 [2003]; *Gellos v Town of Hempstead*, 284 AD2d 370 [2001]; *James v City of New Rochelle*, 282 AD2d 503 [2001]; *Damante v Town of Hempstead*, 227 AD2d 433 [1996]; *Fraser v City of New York*, 226 AD2d 424 [1996]; *Curci v City of New York*, 209 AD2d 574 [1994]; *Ortsman v Town of Oyster Bay*, 178 AD2d 588 [1991]). The plaintiffs did not submit any opposition papers, and thus did not raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.