■ FRANCESCA ARCABASCIO et al., Appellants, v CITY OF NEW YORK, Respondent. [937 NYS2d 121]—

The plaintiff Francesca Arcabascio (hereinafter Arcabascio) allegedly tripped and fell over a defective section of the boardwalk of South Beach in Staten Island on July 9, 2006. The area where she fell was approximately 16 feet away from a light pole numbered 93. Arcabascio and her husband, suing derivatively, commenced this action against the City of New York to recover damages for Arcabascio's alleged personal injuries and on her husband's derivative claim.

The City moved, inter alia, for summary judgment dismissing the complaint on the basis that section 7-201 (c) of the Administrative Code of the City of New York barred this action because there was no prior written notice of the alleged defective condition. The Supreme Court granted that branch of the motion. The plaintiffs appeal, and we affirm.

In response to the City establishing its prima facie entitlement to judgment as a matter of law (see Administrative Code of City of NY § 7-201 [c]), the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contentions, the City's

intake records concerning uneven boards on the boardwalk and work orders noting that there were loose or broken boards in need of repair between light poles numbered 80 through 105 did not raise a triable issue of fact as to whether the City was aware of the alleged defective condition which caused Arcabascio to fall (*see Yarshevitz v Town of N. Hempstead*, 240 AD2d 737, 737 [1997]; *Jones v Town of Brookhaven*, 227 AD2d 530, 530 [1996]; *Michela v County of Nassau*, 176 AD2d 707, 708 [1991]; *Ferris v County of Suffolk*, 174 AD2d 70, 76 [1992]; *O'Rourke v Town of Smithtown*, 129 AD2d 570, 571 [1987]). The evidence was uncontroverted that the boardwalk is 1.8 miles long and that the light poles were located approximately 115 feet apart from one another. Moreover, the June 14, 2006, work order noted that all defective areas on the boardwalk in need of repair had been painted yellow by the City, and Arcabascio's husband confirmed in an affidavit that the area where the plaintiff fell was not so marked.

Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.