█ JENNIFER MARTENS et al., Respondents, v COUNTY OF SUFFOLK, Appellant, and TOWN OF RIVERHEAD et al., Respondents. [956 NYS2d 61]—

In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 5, 2012, as denied, as premature, its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion of the defendant County of Suffolk for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The plaintiff Jennifer Martens (hereinafter the injured plaintiff) allegedly sustained personal injuries when she tripped and fell on an uneven and defective sidewalk in front of the "Atlantis Marine World Aquarium," located at 431 East Main Street, in Riverhead. The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants, alleging that the County of Suffolk, the Town of Riverhead, the Hamlet/Village of Riverhead, and Atlantis Marine World, LLC, each bore responsibility for the alleged accident. After the plaintiffs moved to amend their notice of claim, the County cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the grounds that it neither owned the accident site nor had prior written notice of the alleged defect. In the order appealed from, the Supreme Court, inter alia, denied the County's cross motion as premature.

The County established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not have prior written notice of the defect on the sidewalk that allegedly

caused the plaintiff to fall (*see* Suffolk County Charter § C8-2 (A); *Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Rodriguez v Town of Islip*, 89 AD3d 1077, 1077 [2011]; *Regan v Town of N. Hempstead*, 66 AD3d 863 [2009]; *Koehler v Incorporated Vil. of Lindenhurst*, 42 AD3d 438 [2007]; *Lysohir v County of Suffolk*, 10 AD3d 638 [2004]). In opposition, the plaintiffs did not raise a triable issue of fact. "To satisfy a prior written notice statute, the notice relied upon by a plaintiff must not be too remote in time or location" (*Massey v City of Cohoes*, 35 AD3d 996, 996 [2006]). Here, the plaintiffs' submission of a notice of claim filed approximately eight years prior to the accident complained of, which identified a hazardous staircase at 431 East Main Street, Riverhead, was insufficient, as it was too remote in time and location to the alleged defect in the sidewalk (*see Arcabascio v City of New York*, 91 AD3d 684 [2012]; *Pagano v Town of Smithtown*, 74 AD3d 1304, 1305 [2010]; *McCabe v Town of Riverhead*, 2 AD3d 416, 417 [2003]; *Jones v Town of Brookhaven*, 227 AD2d 530, 530 [1996]).

Likewise, the County demonstrated, prima facie, that it did not own, operate, manage, or control the area in question (*see Monteleone v Incorporated Vil. of Floral Park*, 123 AD2d 312, 314 [1986]). In opposition to this prima facie showing, the plaintiffs did not raise a triable issue of fact.

Furthermore, the County's motion was not premature, as the plaintiffs failed to demonstrate how discovery may reveal or lead to relevant evidence, or that "facts essential to opposing the motion were exclusively within" another party's "knowledge and control" (*Espada v City of New York*, 74 AD3d 1276, 1277 [2010]; *see* CPLR 3212 [f]; *Norero v 99-105 Third Ave. Realty, LLC*, 96 AD3d 727, 728 [2012]; *Haque v Daddazio*, 84 AD3d 940 [2011]). Ownership of the sidewalk is a matter of public record and, thus, does not constitute information in the sole and exclusive possession of the County (*see* CPLR 3212 [f]; *Kenworthy v Town of Oyster Bay*, 116 AD2d 628, 629 [1986]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the County's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Eng, P.J., Dillon, Lott and Cohen, JJ., concur.