Gebhardt v County of Suffolk (2019 NY Slip Op 02503)





Gebhardt v County of Suffolk


2019 NY Slip Op 02503


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-11092
 (Index No. 24411/12)

[*1]Laura Gebhardt, appellant, 
v
County of Suffolk, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Christopher A. Jeffreys of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated September 9, 2016. The order granted the defendant's motion for leave to renew its prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court dated February 2, 2016, and, upon renewal, in effect, vacated the order dated February 2, 2016, and thereupon granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order dated September 9, 2016, is affirmed, with costs.
The plaintiff allegedly tripped and fell on an uneven sidewalk condition outside a courthouse in Suffolk County. The plaintiff thereafter commenced this personal injury action against the County of Suffolk. The County moved for summary judgment dismissing the complaint, contending that it did not have prior written notice of the sidewalk defect. The plaintiff opposed the motion, contending that the prior written notice law did not apply since the County had a proprietary duty to maintain its sidewalk. In an order dated February 2, 2016, the Supreme Court denied the motion. The County then moved for leave to renew its motion for summary judgment dismissing the complaint. In an order dated September 9, 2016, the court granted the County's motion for leave to renew and, upon renewal, in effect, vacated the order dated February 2, 2016, and thereupon granted the County's motion for summary judgment dismissing the complaint. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the County's motion for leave to renew, since the County did not receive a copy of the papers submitted by the plaintiff in opposition to the County's prior motion for summary judgment, which papers had been erroneously addressed to the prior County Attorney (see CPLR 2221[e]).
We agree with the Supreme Court's determination, upon renewal, to grant the County's motion for summary judgment dismissing the complaint. The County established, prima facie, that it did not have prior written notice of the alleged sidewalk defect (see Suffolk County Charter § C8-2[A]; Martens v County of Suffolk, 100 AD3d 839; Rodriguez v Town of Islip, 89 AD3d 1077; Abano v Suffolk County Community Coll., 66 AD3d 719; Delgado v County of Suffolk, [*2]40 AD3d 575). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, even if the County had a proprietary duty to maintain the sidewalk abutting the courthouse, the prior written notice law still applied (see Wittorf v City of New York, 23 NY3d 473, 480; Creutzberger v County of Suffolk, 140 AD3d 915, 917).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court