Wells Fargo Bank, N.A. v Baymack (2019 NY Slip Op 07315)





Wells Fargo Bank, N.A. v Baymack


2019 NY Slip Op 07315


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-05408
 (Index No. 712267/15)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Edward M. Baymack, et al., defendants, Brandon Baymack, appellant.


Mobilization for Justice, Inc., New York, NY (Linda Jun and Christopher Fasano of counsel), for appellant.
Gross Polowy, LLC (Reed Smith, LLP, New York, NY [Andrew B. Messite and Kerren B. Zinner], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brandon Baymack appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered April 10, 2017. The order denied that defendant's motion to dismiss the complaint on the ground that the action was commenced against a deceased individual.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Brandon Baymack which was to dismiss the complaint insofar as asserted against the defendant Edward M. Baymack, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage against, among other defendants, Brandon Baymack (hereinafter the appellant) and Edward M. Baymack (hereinafter the decedent). The appellant moved to dismiss the complaint, arguing that the complaint must be dismissed because the decedent died prior to the commencement of the action. By order entered April 10, 2017, the Supreme Court denied the motion.
Since the decedent died prior to commencement of this action, the action insofar as asserted against him was a legal nullity from its inception (see Pensabene v City of New York, 172 AD3d 1396; Rocha v Figueiredo, 50 AD3d 876, 877; Berlinger v City of New York, 289 AD2d 188, 189), and the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against the decedent.
We reject the plaintiff's contention that the decedent was not a necessary party to the action. "In the context of a mortgage foreclosure action, where a deceased defendant made an absolute conveyance of all his or her interest in the mortgaged premises to another defendant, including his or her equity of redemption, and the plaintiff either discontinued the action as against the deceased defendant or elected not to seek a deficiency judgment against the deceased defendant's estate, then the deceased defendant is not a necessary party to the action" (U.S. Bank N.A. v Esses, [*2]132 AD3d 847, 848; see HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673; Bank of N.Y. Mellon Trust Co. v Ungar Family Realty Corp., 111 AD3d 657). Here, however, those circumstances are not present.
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court